IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,

        Plaintiff,

v.

SUSQUEHANNA NUCLEAR LLC,
  a limited liability company,

        Defendant.

Civil Action No. _____

**COMPLAINT**

Plaintiff, Secretary of Labor, United States Department of Labor brings this action to enjoin Defendant, SUSQUEHANNA NUCLEAR, LLC, from violating Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §651 *et seq.* ("the Act"), and for a judgment against Defendant for lost bonus compensation, and for all other appropriate relief for employees Matthew Mensch ("Mensch") and Vilas Shook ("Shook").

1. Jurisdiction of this action is conferred upon the Court by Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

2. Defendant is a Pennsylvania limited liability company with a place of business located at 769 Salem Boulevard, Salem Township, PA 18603.

3. Venue with respect to this action lies in the Middle District of Pennsylvania because Defendant has a place of business located in Salem Township, PA, Luzerne County, and all events giving rise to this action occurred in the Middle District. 28 U.S.C. § 1391.

4. Defendant is, and at all relevant times herein was, a "person" within the meaning of Sections 3(4) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(4) and 660(c)(1).

5. Defendant is, and all relevant times herein was, an "employer" within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), because it is a person engaged in a business affecting commerce who has employees.

6. Mensch is, and at all relevant times herein was, an "employee" within the meaning of Section 3(6) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(6) and 660(c)(1), because he is employed by Susquehanna Nuclear, LLC as a security officer.

7. Shook is, and at all relevant times herein was, an "employee" within the meaning of Section 3(6) and 11(c)(1) of the Act, 29 U.S.C. §§ 652(6) and 660(c)(1), because he is employed by Susquehanna Nuclear, LLC as supervisory security officer.

8. At all relevant times herein, Defendant operated a nuclear power plant in Salem Township, Pennsylvania ("the plant").

9. On October 2, 2016, Mensch was working alone in Ready Room #1 at the plant. Mensch fell off his rolling desk chair, put his arm out to break his fall, and injured his shoulder.

10. On October 2, 2016, Mensch reported the workplace injury to Shook, his supervisor. Shook, in turn, reported Mensch's workplace injury to Defendant's managers Richard Mogavero and Brian Martonick.

11. Mensch's workplace injury required medical treatment and resulted in lost workdays.

12. Defendant, pursuant to internal policies and procedures, conducted a "Prompt Investigation" of the workplace injury. A component of a Prompt Investigation is to identify any human performance ("HuP") errors that may have contributed to the event. Defendant's policy is that "[a]n occupational fatality, lost-time accident, or injury resulting in restricted duty" due to a HuP error triggers a "site clock reset" or a return to zero days without accident.

13. Defendant's Prompt Investigation found that the particular make/model of chair involved in the incident "was easily susceptible to tipping when sitting towards the front edge of the chair" and "should not have been in use." Nevertheless, Defendant concluded that the accident resulted from a HuP error on Mensch's part. Specifically, the investigation report sets forth that:

> Individual failed to use a questioning attitude/risk perception before attempting to wheel the chair across the room while sitting on the front edge and assumptions were made that the individuals [sic] seating position would not impact the chairs [sic] ability to be safely wheeled across the room while seated.

Consequently, Mensch's purported HuP error triggered a site clock reset.

14. On December 7, 2016, Mensch was advised of his 2016 annual performance rating and annual bonus. Mensch's bonus was reduced by approximately $4,298.00 compared to other employees with similar performance ratings. Defendant's justification for the reduced bones was that Mensch was responsible for a HuP factors violation which resulted in a site wide clock reset.

15. On December 13, 2016, Shook was advised of his 2016 annual performance rating and annual bonus. Shook's bonus was reduced by approximately $6,113.00 compared to other employees with similar performance ratings. Defendant's stated reason for the reduced bonus was that Shook had the single most eventful HuP factor of the year, a site wide clock reset, occur under his supervision.

16. On January 4, 2017, Shook filed a timely complaint with OSHA alleging that Defendant retaliated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1), for reporting a workplace injury, an activity that is protected under the Act.

17. On January 6, 2017, Shook filed a timely complaint with OSHA alleging that Defendant retaliated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1), for reporting a workplace injury, an activity that is protected under the Act.

18. Plaintiff thereafter investigated the above complaints in accordance with Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2), and determined that Defendant violated Section11(c)(1) of the Act when it retaliated against Mensch and Shook for properly reporting Mensch's workplace injury and that additional employees are hesitant to or refrain from reporting injuries because they fear retaliation.

19. Defendant retaliated against Mensch because he exercised a right under the Act, in violation of Section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1). Reporting an occupational injury to an employer is a right under the Act. *See* 29 C.F.R. § 1904.36; 29 U.S.C. § 657(c)(2).

20. Defendant retaliated against Shook because he engaged exercised a right under the Act, in violation of Section 11(c)(1) of the Act, 29 U.S.C. §660(c)(1). Reporting an occupational injury to an employer is a right under the Act. *See* 29 C.F.R. § 1904.36; 29 U.S.C. § 657(c)(2).

21. Defendant's policies and procedures -- which require HuP errors to trigger site clock resets that reduce an employee's annual bonus -- violate Section 11(c)(1) of the Act by creating and fostering a chilling effect within the security

department with respect to the reporting workplace injuries.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant providing the following relief:

(1) Permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c) of the Act;

(2) Permanently enjoining and restraining Defendant from the use of any and all accident reporting policies that discourage or punish accident reporting;

(3) Ordering Defendant to pay damages to Mensch for lost bonus compensation that resulted from his retaliation, and prejudgment and post-judgment interest thereon, as authorized by Section 11(c) of the Act;

(4) Ordering Defendant to pay damages to Shook for lost bonus compensation that resulted from his retaliation, and prejudgment and post-judgment interest thereon, as authorized by Section 11(c) of the Act;

(5) Ordering Defendant to post in a conspicuous place in the facility for a period of not less than sixty days a copy of the decree entered in this case and a notice that Defendant will not discriminate against any employee for engaging in activities protected by Section 11(c) of the Act;

(6) Ordering Defendant to compensate the Secretary for all costs incurred in this litigation; and

(7) Ordering all other relief, including punitive damages, emotional distress, and pain and suffering, as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Andrea J. Appel
Regional Counsel, Civil Rights


/s/John A. Nocito
By: John A. Nocito
PA ID#87973
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5135
(215) 861-5162 (fax)
Nocito.John@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff